# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL J. SABBRESE and <br> PHILIP H. HAUSENBERGER, | : <br> : <br> : | CIVIL ACTION <br><br> No. 2:13-cv-00086 |
| Plaintiffs, | : <br> : | |
| v. | : <br> : | Judge Conti |
| BROWNSVILLE BUS LINES, INC., and <br> WHITE LINE TAXI, INC., | : <br> : <br> : | **Electronic Filing** <br><br> **JURY TRIAL DEMANDED** |
| Defendants. | | |

### FIRST AMENDED COMPLAINT - COLLECTIVE ACTION

Plaintiffs, Joel J. Sabbrese and Philip H. Hausenberger, by their counsel, Kunkel Law Firm, file the following Complaint and allege the following:

### I. Nature of the Action

1. Plaintiffs allege on behalf of themselves and other similarly situated current and former employees who worked for the Defendants and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are entitled to unpaid wages from the Defendants for overtime work for which they did not receive any overtime premium pay and liquidated damages pursuant to 29 U.S.C. § 216(b).

### II. Jurisdiction and Venue

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue for this action properly lies in the Western District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b), because the claim arose in this judicial district and the Plaintiffs reside in this district.

### III. The Parties

5. Plaintiff, Joel J. Sabbrese, is an adult individual residing in Brownsville, Fayette County, Pennsylvania. Plaintiff Sabbrese was employed by Brownsville Bus Lines, Inc. as a driver from October 2, 2010 until September 22, 2012.

6. Plaintiff Philip H. Hausenberger is an adult individual residing in New Salem, Fayette County, Pennsylvania. Plaintiff Hausenberger has been employed by Brownsville Bus Lines, Inc. as a driver since approximately 2003 or 2004.

7. Defendant, Brownsville Bus Lines, Inc., is a corporation doing business at 525 National Pike East, Brownsville, Fayette County, Pennsylvania. Defendant Brownsville Bus Lines, Inc. is engaged in the bus and transportation business. For example, Defendant Brownsville Bus Lines, Inc. operates school buses for the Brownsville School District and operates a van service transporting individuals to appointments with doctors and for health care testing pursuant to contracts with various county and/or non-profit agencies. Defendant Brownsville Bus Lines, Inc. employs drivers, mechanics, and clerical employees at its facility located in Brownsville, Pennsylvania. Upon information and belief, Defendant Brownsville Bus Lines, Inc. employs approximately 90 employees.

8. Upon information and belief, Defendant White Line Taxi, Inc. is a Pennsylvania corporation doing business at 525 National Pike East, Brownsville, Fayette County, Pennsylvania. Upon information and belief, White Line Taxi, Inc. is engaged in the transportation business and operates a van service transporting individuals to appointments with

doctors and for health care testing pursuant to contracts with various county and/or non-profit agencies. Defendant White Line Taxi employs "Para-Transit Drivers" to drive individuals to their health care appointments and/or other authorized destinations.

9. Upon information and belief, Defendant White Line Taxi, Inc. is operated and managed by the same group of managers and supervisors that operate Defendant Brownsville Bus Lines, Inc.

10. Defendants Brownsville Bus Lines, Inc. and White Line Taxi, Inc. are joint employers for purposes of the FLSA in that Brownville Bus Lines, Inc. and White Line Taxi, Inc. share and exercise the following authority and control with respect to their employees: a) the authority to hire and fire employees; b) the authority to promulgate and enforce work rules and make job assignments and/or work schedules; c) provide day-to-day supervision of the Plaintiffs' work activities and jointly exercise the authority to discipline employees; and d) employee payroll and related records for Brownsville Bus Lines, Inc. and White Line Taxi, Inc. are maintained and controlled in a central location by both Defendants.

### IV.  Collective Action Statement

11. The class consists of Plaintiffs and an opt-in class of similarly situated drivers as well as other current and former hourly non-exempt employees of Defendants who earned, but did not receive compensation for time worked and/or time and one-half pay for time spent in excess of 40 hours per week.

12. Plaintiffs are unable to state the exact number of class members without discovery.

13. There are common questions of law and fact common to the Collective Action including the following:

a) Whether Defendants failed to pay overtime compensation due to members of the class in violation of the FLSA, 29 U.S.C. § 207;

b) Whether Plaintiffs and class members were expected to or mandated to work overtime hours; and

c) The correct method for calculating back overtime pay.

### V. Factual Background

14. Upon information and belief, at all times relevant to this Complaint, Defendants maintained contracts with the Fayette Area Coordinated Transportation ("FACT") and the Washington County Transit Authority to transport eligible individuals to doctors' appointments and other health care appointments.

15. Plaintiff Sabbrese was employed by Defendants as a van driver from October 2, 2010 until September 22, 2012.  Plaintiff Sabbrese's job duties entailed driving a van that carried passengers to doctor appointments and/or for medical testing in Allegheny, Fayette, Greene and Washington Counties in Pennsylvania.  Though his hours varied by the week, Plaintiff Sabbrese typically worked between 55 to 60 hours per week.

16. Plaintiff Hausenberger has been employed by Defendants as a van driver since approximately 2003 or 2004.  Plaintiff Hausenberger's job duties entailed driving a van carrying passengers to doctor appointments and/or for medical testing in Allegheny, Fayette, Westmoreland and Washington Counties in Pennsylvania.  Though his hours varied by the week, Plaintiff Hausenberger typically worked between 50 to 70 hours per week.

17. Plaintiffs did not transport individuals outside the Commonwealth of Pennsylvania.

18. Defendants did not pay Plaintiffs or similarly situated employees an hourly wage rate.  Rather, Defendants paid Plaintiffs and similarly situated employees based on a

commission that varied from 25% to 30% of the contract amount for the services provided by the Defendants.

19. Defendants' commission pay policy for its drivers failed to compensate Plaintiffs and similarly situated employees for all hours worked and for overtime as required by the FLSA, 29 U.S.C. § 207(a)(1).

## Count I
## Violation of the Fair Labor Standards Act

20. The allegations set forth in paragraphs 1 through 19 are hereby incorporated by reference at though fully set forth.

21. Defendants are "employers" as defined by the FLSA, 29 U.S.C. § 203(d).

22. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA.

23. For purposes of the FLSA, at all times relevant to this action, Plaintiffs were engaged in commerce and/or the production of goods for commerce and/or Defendants were enterprises engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 206(a).

24. Defendants willfully failed to pay Plaintiffs for all hours worked and/or overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week in violation of 29 U.S.C. § 207(a)(1).

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

a) Declare Defendants' conduct to be in violation of the Plaintiffs' rights under the FLSA;

b)   Award Plaintiffs and other similarly situated current and former employees of the Defendants who elect to opt into this action their unpaid wages and overtime compensation due under the FLSA;

c)   Award Plaintiffs and other similarly situated current and former employees of the Defendants who elect to opt into this action an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216;

d)   Award Plaintiffs and other similarly situated employees who elect to opt into this action prejudgment interest; and

e)   Award Plaintiffs and other similarly situated employees who elect to opt into this action the cost of this action together with reasonable attorneys' fees and such further relief as this Court deems necessary and proper.

**JURY TRIAL DEMANDED**

           **KUNKEL LAW FIRM**

_____
Gregory T. Kunkel
Pa. I.D. No. 58027

One Oxford Centre
301 Grant Street, Suite 4300
Pittsburgh, PA 15219
(724) 438-3020
E-Mail:  greg.kunkel@verizon.net

Counsel for Plaintiffs